Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| LAETITIA BEY Y OTROS<br><br>*Recurrida*<br><br><br>v.<br><br><br>BRANDEN HALL BEY<br><br>*Peticionario* | TA2025CE00914 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Vega Baja<br><br>Caso Núm.: BY2025MU00282<br><br>Sobre: Ley 121 Art. 90 (2019) y Otros |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de enero de 2026.

Comparece ante nos el señor Branden Hall Bey (señor Hall Bey o peticionario) mediante recurso de *certiorari* y solicita que revisemos la *Resolución Denegando Orden de Protección*[1] emitida el 15 de octubre de 2025[2] por el Tribunal de Primera Instancia, Sala Municipal de Vega Baja (TPI o foro recurrido). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la *Petición de Orden de Protección*[3] presentada por la señora Laetitia Bey (señora Bey o recurrida).

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso por falta de jurisdicción, por tardío.

### I.

El caso de autos tuvo su origen el 25 de septiembre de 2025 cuando la recurrida presentó una *Petición de Orden de Protección* en contra del señor Hall Bey.

---

[1] Entrada 14 del expediente del Tribunal de Apelaciones (TPI).
[2] Notificada el 22 de octubre de 2025.
[3] Entrada 1 del expediente del TPI.

Tras varios incidentes procesales, el 15 de octubre de 2025[4], el TPI emitió una *Resolución Denegando Orden de Protección* en la cual realizó las siguientes determinaciones de hechos:

> Las partes comparecen por derecho propio. El Departamento de la Familia compareció representado por el Lcdo. Guillermo Somoza y la Trabajadora Social, Damaris Sánchez, quien presentó informe y el intérprete de idiomas, Francisco Cruz González. De la prueba se desprende que la Peticionaria se motivó a solicitar una petición de protección nueva al amparo de la Ley 57-2023, toda vez que el Tribunal en el caso BYL572025-589 no expidió la orden de protección y el Peticionado puede relacionarse con el menor, según recomendado por el Departamento de la Familia. La Peticionaria entendía que este no debía relacionarse con el menor y ella estaba inconforme con la determinación previa del Tribunal. La Peticionaria no presentó en ese caso ninguna reconsideración y apelación, estuvo representada por abogada en dicho asunto. No han ocurrido incidentes nuevos luego de resuelto caso en julio de 2025. La Peticionaria afirma que las alegaciones y hechos alegados de los casos BYL572025-589, BYL572025-753 y el BY2025MU00282 son similares. La Trabajadora Social ha trabajado el caso desde junio de 2025. La agencia formuló planes de servicio que han sido incumplidos. Luego de la expedición de la resolución del caso BYL572025-589 la Peticionaria no ha cumplido con la escuela de padres y [con] las recomendaciones que ha hecho la agencia. Las partes no [han] cumplido con las evaluaciones psicológicas, talleres y referidos para terapia del habla del menor, la evaluación en la Universidad Carlos Albizu para validación de abuso sexual. No hay recursos familiares disponibles que se hagan responsable[s] del menor. La Peticionaria ha utilizado los foros y [agencias] para elevar el mismo referido de abuso sexual y solicitar servicios para las cuales no cualifica. La Peticionaria para marzo de 2025 [fue] a quien se le encontró fundamento por negligencia y no al Peticionado. La Peticionaria no mantiene comunicación con el Departamento de la Familia y no contesta las llamadas luego de julio de 2025. La agencia no valida las alegaciones de maltrato y negligencia contra el Peticionado y recomienda el archivo de la orden de protección[5].

Así pues, el foro recurrido declaró *No Ha Lugar* la *Petición de Orden de Protección* presentada por la señora Bey.

Por su parte, el 13 de noviembre de 2025, el peticionario sometió una *Reconsideración y/o Enmiendas o Determinaciones Iniciales o Adicionales*[6] en cuanto a la *Resolución* recurrida. Ese mismo día, el TPI emitió y notificó una *Orden*[7] en la cual informó: "[n]ada que proveer, el caso está archivado".

---

[4] Notificada el 22 de octubre de 2025.
[5] Entrada 14 del expediente del TPI, pág. 1.
[6] Entrada 20 del expediente del TPI.
[7] Entrada 21 del expediente del TPI.

Inconforme, el 16 de diciembre de 2025, el señor Hall Bey acudió ante este foro intermedio y le imputó al TPI el siguiente señalamiento de error:

> 1. The issuance of this protection order, its non—waived misuses, and lack of findings and conclusions of law regarding such facts.

> 2. The legal sufficiency and lack of finality of Resolution issued in BY2025MU00282 on October 22, 2025; and

> 3. The order, as a matter of law, notified on November 13, 2025, denying Respondent's integrated motion under Rules 43.1 and 43.2, which functioned as a subsequent procedural mechanism to preserve, clarify, correct, and maintain the due process errors previously identified and raised in Respondent's earlier Motion for Sanctions such as substantial omissions, unsupported statements, and procedural errors affecting child-related determinations and multiple collateral proceedings (October 30, 2025). That sanctions motion established the factual inconsistencies, omissions, and procedural defects later incorporated into and expanded upon in the Rule 43.1 / Rule 43.2 request.

Examinado el auto de *Certiorari* y el apéndice del peticionario, procedemos a emitir nuestro dictamen sin necesidad del escrito en contestación al recurso, según faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones[8]. Esto con el fin de lograr el más justo y eficiente despacho de la presente causa de acción.

**II.**

**-A-**

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[9] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[10]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión,

---

[8] Regla 7(B)(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).
[8] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[8] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[9] 32 LPRA Ap. V, R. 52.1.
[10] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025).

prejuicio, parcialidad o error manifiesto[11]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[12].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[13]. No obstante, la Regla 52.1 de Procedimiento Civil, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión[14].
> [...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de *certiorari*, este Tribunal debe tomar en consideración los siguientes criterios:

---

[11] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[12] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[13] *García v. Padró*, 165 DPR 324, 334-335 (2005*); Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992).
[14] 32 LPRA Ap. V, R. 52.1.

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

La Regla 32 (B) del Reglamento del Tribunal de Apelaciones[15], dispone el término para presentar un recurso de *certiorari*. La misma estable lo siguiente:

> El recurso de certiorari para revisar las resoluciones finales en procedimientos de jurisdicción voluntaria dictadas por el Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los **treinta días siguientes a la fecha de archivo en autos de una copia de la notificación de la resolución u orden recurrida**, a menos que alguna ley especial aplicable disponga un término distinto. Este término es jurisdiccional[16]. (Énfasis nuestro).
> 
> [...]

Como se sabe, si una parte acude al Tribunal de Apelaciones fuera del referido término jurisdiccional, su recurso resultaría tardío[17].

---

[15] Regla 32 (B) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 49, 215 DPR __ (2025).
[16] *Íd.*
[17] *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022).

Un recurso prematuro o tardío adolece del defecto grave e insubsanable de privar de jurisdicción al foro del cual se recurre[18]. Lo anterior debido a que, ante un recurso prematuro o tardío, el foro revisor no tiene autoridad judicial o administrativa para acogerlo[19]. Aún más, la desestimación de un recurso tardío priva de manera fatal que el recurso pueda presentarse nuevamente ante cualquier foro[20].

Nuestro más Alto Foro ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay[21]. A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia[22]. Cabe destacar que, la ausencia de jurisdicción trae varias consecuencias, tales como el que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*[23].

En consecuencia, cuando un tribunal determina que carece de jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo en atención a las leyes y reglamentos para el perfeccionamiento de estos recursos[24]. A tales efectos, la Regla 83 (C) del Reglamento del Tribunal de

---

[18] *Íd.*

[19] *Pueblo v. Ríos Nieves,* 209 DPR 264 (2022).

[20] *Íd.*

[21] *Pueblo v. Ríos Nieves*, s*upra.*

[22] *Íd*

[23] *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 385 (2020).

[24] *Íd.*

Apelaciones[25], faculta a este intermedio a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción.

**III.**

Como foro apelativo intermedio, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado. Veamos.

Según adelantamos en el tracto procesal, el **22 de octubre de 2025**, el TPI notificó la *Resolución Denegando Orden de Protección.* Transcurridos los quince (15) días que establece la Regla 47 de las de Procedimiento Civil[26], el **13 de noviembre de 2025**, el peticionario sometió su *Reconsideración y/o Enmiendas o Determinaciones Iniciales o Adicionales.* Así pues, ese mismo día, el foro recurrido le notificó al peticionario que no había nada que proveer y que el caso estaba archivado.

En vista de lo anterior, el **16 de diciembre de 2025**, el señor Hall Berry presentó a destiempo el recurso ante nuestra consideración. Esto, debido a que, según dispone la Regla 32 (B) del Reglamento del Tribunal de Apelaciones, *supra*, el peticionario tenía **treinta días desde la fecha de archivo en autos de una copia de la notificación de la resolución u orden recurrida. Es decir, el señor Hall Berry tras que presentó de forma tardía su reconsideración ante el TPI, vino a destiempo ante este foro apelativo.**

Considerado lo antes expuesto, procedemos a desestimar el recurso de epígrafe, de conformidad con la Regla 83(C) del Reglamento de este Tribunal, *supra*, la cual le confiere facultad a

---

[25] Regla 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025).

[26] 32 LPRA Ap. V, R. 47. El señor Hall Bey tenía hasta el 6 de noviembre de 2025 para presentar su reconsideración. De igual forma no cumple con el termino provisto en la *Ley para Prevención del Maltrato, Preservación de la Unidad Familiar y para la Seguridad, Bienestar y Protección de los Menores*, 8 LPRA secc. 1675.

este foro intermedio para, a iniciativa propia, **desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción**.

**IV.**

Por los fundamentos antes expuestos, ***desestimamos*** el recurso de *certiorari* de epígrafe por falta de jurisdicción, por tardío.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones